AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| LORRICO ROMILUS, | ) | Case No. |
| | ) | 20-mj-6453-VALLE |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 18, 2020__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B). | Attempted Possession with Intent to Distribute 500 Grams or more of Cocaine |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

SPECIAL AGENT JOHN BOTTONE, HSI
*Printed name and title*

Sworn and subscribed via FaceTime

Date: 09/19/2020

*Judge's signature*

City and state: Fort Lauderdale, Florida — ALICIA O. VALLE, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, John Bottone, being duly sworn, depose and state as follows:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been since July 2019. I am currently assigned to the Border Enforcement Security Task Force in Fort Lauderdale, Florida. As a Special Agent with HSI, I have participated in numerous narcotics investigations, both international and domestic, involving physical and electronic surveillance and the control and administration of confidential sources. I have participated in the arrest and subsequent prosecution of numerous suspects. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods and practices that drug traffickers use to further their drug trafficking operations and the most effective methods of investigating and dismantling drug trafficking organizations. .

2. The information contained in this Affidavit is submitted for the limited purpose of supplying probable cause to believe that on or about September 18, 2020, LORRICO ROMILUS did knowingly and willfully attempt to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B); all in violation of Title 21, United States Code, Section 846. Because of its limited purpose, this Affidavit does not contain all the information known to law enforcement regarding this investigation. This Affidavit is based on personal knowledge as well as information provided to me by other law enforcement officers.

3. On or about September 18, 2020, law enforcement received information from a business owner in South Florida that a wooden box containing two kilograms of suspected cocaine had been found by the business in one of the shipping containers. According to one of the business

1

owners, the shipping container had come from Turks and Caicos and the customer who sent the shipping container ("Customer") had asked the business owner to do him a "favor" and give the wooden box to someone the Customer would designate. A field test confirmed the presence of cocaine in the substance inside the wooden box.

4. Law enforcement directed the business owner to call Customer and ask for the name and number of the person who was to get the wooden box. Customer told the business owner to wait and he would get the business owner the information. A person named "Rico," using phone number 305-647-8875, then called the business owner's phone. An undercover officer ("UC") posing as the business owner answered the call. Rico, later identified as LORRICO ROMILUS, said he had been told to call the business owner and come get the package from the business owner. The UC said he would call ROMILUS back.

5. UC called ROMILUS back. ROMILUS asked if the UC would deliver the package to a residence in Dania Beach, Florida. The UC instead asked Defendant to meet him in the parking lot of the Casino at Dania Beach, located at 301 E. Dania Beach Blvd., Dania Beach, Florida 33004. Law enforcement replaced the cocaine with sham, and placed the wooden box into a white bag in the trunk of the UC's vehicle.

6. At approximately 10:49 p.m., surveillance officers observed a white cargo van approach the UC's vehicle in the parking lot of the Casino at Dania Beach. ROMILUS exited the van and approached the UC, who was standing outside the UC vehicle. In a recorded conversation, the UC told ROMILUS that the package was in the trunk of the car, and expressed anger because he had discovered that the package contained two kilograms of cocaine. The UC told ROMILUS that it was not "OK" for the Customer to send drugs to his business. ROMILUS did not express any surprise at the mention of cocaine, and told the UC that he would not experience any trouble

2

going forward from either the Customer or himself.

7. Thereafter the UC opened the trunk of the UC vehicle by reaching inside the cabin of the car and pressing the trunk release button. The UC then walked with ROMILUS towards the trunk. ROMILUS then reached in to the back of the UC vehicle and took hold of the white bag containing the wooden box.

8. At approximately 10:52 pm, law enforcement placed ROMILUS under arrest. After receiving and waiving his *Miranda* rights, ROMILUS agreed to speak with law enforcement. During the course of the interview, ROMILUS admitted to law enforcement he was told by Customer that the package contained "two bricks." When asked "two bricks of what? Heroin?," ROMILUS replied "no, cocaine." ROMILUS also acknowledged that prior to reaching for the wooden box, he had been informed by the UC that the package contained two kilograms of cocaine.

9. In connection with the arrest, law enforcement seized a cellphone from ROMILUS. During ROMILUS's post-arrest interview, the cellphone received numerous calls from Customer. At that time, law enforcement put the phone into airplane mode to preserve its contents. Though ROMILUS initially consented to a search of the phone, he later withdrew that consent.

10. Based on the foregoing facts and information, your Affiant respectfully submits that there is probable cause to believe that on or about September 18, 2020, LORRICO ROMILUS did knowingly and willfully attempt to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B); all in violation of Title 21, United States Code, Section 846.

FURTHER YOUR AFFIANT SAYETH NOT.

JOHN BOTTONE, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant by FaceTime in accordance
with the requirements of Fed. R. Crim. P. 4.1
this 19TH day of September, 2020

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

4